IN THE UNITED STATES DISTRICT COURT **FILED**

FOR THE DISTRICT OF MONTANA          **JUL 2 9 2010**

BUTTE DIVISION

**PATRICK E. DUFFY, CLERK**
By_____
**DEPUTY CLERK, MISSOULA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 07-34-BU-DWM |
| | ) | CV 10-30-BU-DWM |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE |
| JOSE MORALES-PENA, | ) | OF APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

On January 6, 2009, Defendant/Movant Jose Morales-Pena ("Morales") filed

an amended motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C.

§ 2255 ("Am. Mot. § 2255"), a memorandum in support, and a motion for leave to file

an overlong brief. He is a federal prisoner proceeding pro se.

## I. Motion for Leave to File Overlong Brief

The motion is granted. All of the documents Morales has submitted will be

considered.

## II. Preliminary Screening

The motion is subject to disposition before a response is filed if "it plainly

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 1

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts; see also 28 U.S.C. § 2255(b).

### III. Background

On three occasions in the summer of 2007, Ruben Martinez sold a total of 514.7 grams of a substance containing methamphetamine to an undercover law enforcement officer. Morales was present at all three transactions. Martinez was the only person who interacted with the officer and the only one who had a gun when he was arrested. At the second buy, two other people left the vehicle in which Martinez had the methamphetamine, but Morales remained with Martinez. Over a period of several days before the last buy, Martinez and the officer occasionally talked on the phone to arrange the deal. The officer testified that Martinez "would be talking to somebody in the background" – a man who spoke Spanish – "about different prices and those sorts of things." Trial Tr. (doc. 74) at 159:1-3, 172:4-10, 183:4-14. Morales was the only other Hispanic male seen at Martinez's residence during that period. Id. at 134:13-135:9. At the scene of the last controlled buy, Morales nodded affirmatively when the undercover officer asked Martinez "if he had the stuff we were looking for." Id. at 164:7-19.

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 2

Morales and Martinez were both indicted on one count of conspiracy to distribute a substance containing more than 500 grams of methamphetamine, a violation of 21 U.S.C. § 841(a)(1). Indictment (doc. 11) at 3. Michael Bailey was appointed to represent Morales. Minutes (doc. 12).

Trial commenced on October 22, 2007. On October 23, 2007, the jury returned a guilty verdict. Minutes (docs. 45, 46, 47); Verdict (doc. 55).

Based on a total offense level of 32 and a criminal history category of V, Morales's advisory guideline range was 188-235 months. Presentence Report ¶¶ 25-34, 37-41, 70. On January 24, 2008, Morales was sentenced to serve 188 months in prison, to be followed by five years' supervised release. Minutes (doc. 60); Judgment (doc. 62) at 2-3.

Represented by new counsel, Morales appealed. On March 20, 2009, the Ninth Circuit Court of Appeals affirmed. United States v. Morales-Pena, No. 08-30026 (9th Cir. Mar. 20, 2009) (unpublished mem. disp.) (doc. 84). Morales filed no petition for rehearing and no petition for writ of certiorari. His conviction became final on June 18, 2009.

Morales filed a "placeholder" motion – his word – on June 10, 2010. Mot. for Leave to File Am. Mot. (doc. 89) at 1; Mot. § 2255 (doc. 88) at 20; Houston v. Lack,

487 U.S. 266, 270-71 (1988). He filed an Amended Motion on July 6, 2010. Am. Mot. (doc. 92) at 34.

## IV. Analysis

Morales's amended motion is untimely, but it is more efficient to address the merits. E.g., Day v. McDonough, 547 U.S. 198, 210 (2006); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997).

Morales first claims that counsel did not advise him of "all facts and law relevant to his decision to plead not guilty and proceed to trial." Am. Mot. at 5. But he also says that "the real reason Mr. Morales-Pena proceeded to jury trial was because . . . he wanted District Court and appellate court review of the sufficiency of the evidence." Br. in Supp. (doc. 92-2) at 46. This was indeed a case where the sufficiency of the evidence as to Morales's participation in the conspiracy was a close question. The decision to go to trial was reasonable.

Morales now complains that counsel should have gone to a bench trial on stipulated facts so that he could have tested the sufficiency of the evidence and still obtained the three-point reduction for acceptance of responsibility. Br. in Supp. at 45 ¶ 54. That is not the meaning of United States v. Villasenor-Cesar, 114 F.3d 970 (9th Cir. 1997), cited in Br. in Supp. at 46, nor does the applicable guideline suggest

it. Putting the government to its burden of proof at trial is not a way of preserving "issues that do not relate to factual guilt." U.S.S.G. § 3E1.1 App. Note 2. On the contrary, it is precisely how a defendant contests the fact of his guilt. Morales took the position that he did not agree with Martinez or anyone else to distribute methamphetamine. The prosecution proved otherwise.

Morales also complains that counsel did not tell him he could obtain the three-point reduction by entering an open plea. Id. at 56 ¶ 21. Just a few pages before, Morales asserts that he wanted to test the sufficiency of the evidence while also obtaining the three-point reduction. Id. at 46. It was reasonable to test the evidence; Morales had a realistic chance of acquittal in this case. Therefore, although the brief eventually recites the magic words, id. at 64 ¶ 33, there is not, in fact, a reasonable probability that he would have pled guilty had he known of the open plea option. Hill v. Lockhart, 474 U.S. 52, 57 (1985). It is at least as likely that a reasonable person in Morales's position would have gone to trial even if he had known about an open plea. The first claim is denied.

All of the other claims are patently frivolous. Morales fails to specify any reason to believe the United States would have entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) or any reason to believe the Court would have accepted

such an agreement; any evidence both subject to suppression and not suppressed; any basis for dismissal of the indictment; any exculpatory evidence that was not presented or objectionable evidence that was admitted without objection; any information he would have presented if he had testified; any jury instruction that should have been but was not, or vice versa, or anything improper in the prosecution's closing argument; any evidence or legal authority relevant to sentencing that was not presented; any basis for a downward departure or variance, much less one likely to have been granted; any Sixth Amendment or other error or false information relied on in fashioning his sentence; any reason to think there was one error, much less cumulative error; any viable appellate issues not raised or not preserved for collateral review; any other client or fact that created a conflict of interest in counsel's representation of him; or any other actual violation of the rights he invokes. Am. Mot. at 5-15.

## V. Certificate of Appealability

Morales fails to allege any case-specific facts showing a "real possibility of constitutional error." Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1979) (cited in Calderon v. United States Dist. Court ("Nicolaus"), 98 F.3d 1102, 1106 (9th Cir. 1996)); see also Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). All

of the facts he alleges could be alleged by any defendant convicted at trial.  In fact, many of them have been alleged, verbatim, in this Court by other defendants.

A certificate of appealability may be granted only to a defendant who makes a substantial showing of the violation of a constitutional right.   28 U.S.C. § 2253(c)(2). Morales's motion has no substance. The only potentially colorable claim he makes arises in connection with his choice between pleading guilty and going to trial.  But he cannot make a realistic argument that he should have pled guilty, because the sufficiency of the evidence was a close question, and he expressly says he wanted to test it. Br. in Supp. (doc. 92-2) at 46. In other words, he denied that he agreed to commit a drug offense.  He has no colorable claim that his constitutional rights were violated.  A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Morales-Pena's motion for leave to file an overlong brief (doc. 92-1) is GRANTED;

2.  The motion to vacate, set aside, or correct the sentence (docs. 88, 92) is DENIED;

3.   A certificate of appealability is DENIED.   The Clerk of Court shall immediately process the appeal if Morales files a Notice of Appeal;

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 7

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-30-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Defendant/Movant Morales-Pena.

DATED this 29th day of July, 2010.

Donald W. Molloy
United States District Court